Nov. Term,
1837.

NUTTER *v.* THE TRUSTEES OF SCHOOL DISTRICT, &c.

If the boundary of a school district be changed conformably to a legal petition, the consequent change of the boundary of the adjoining district is valid without a petition.

NUTTER
*v.*
THE TRUSTEES,
&c.

ERROR to the *Union* Circuit Court.

*Tuesday
November* 28.

BLACKFORD, J.—This was an action of debt commenced before a justice of the peace. It was brought in the name of "The trustees of school district number four, in congressional township number 12, range two west," against *Benjamin Nutter.* The object of the suit, as is shown by the statement of the cause of action, was to recover the sum of 10 dollars and 93 cents, as a tax assessed in that district against the defendant. The only plea is the general issue. Judgment by the justice for the plaintiffs. The defendant appealed to the Circuit Court. Judgment by the Circuit Court, without a jury, for the plaintiffs.

The principal subject of inquiry to which our attention has been called in this cause is, whether the district number four was legally established? We shall decide this question, without stopping to inquire whether the defendant has, strictly, a right to raise it in this action or not. The following are the facts relative to this part of the cause:—

The township trustees, in the first place, divided the township into nine districts. Some of the districts, of which number eight was one, elected their officers. Afterwards, all the districts except number eight, which is the one in which the defendant resided, petitioned for a new division of the township. The township trustees, accordingly, made a new division of the township, and reduced the number of districts to five. The old district number eight had two miles attached to it on the north, and was designated as number four. Trustees for this district number four were appointed, under the statute of 1833, by the clerk of the township trustees.

The defendant contends that district number eight in which he resides, and which is now included within district number four, has been changed without authority, and that therefore the tax assessed against him by district number four is illegal. This objection to the tax is not well founded. The statute

authorises the township trustees, on petition of a majority of the voters of any district, to alter such district in its size or limits as convenience may require. Stat. 1833, p. 94. Such a change made in any one district, necessarily produces an alteration in the boundaries of one or more of the districts adjoining it; and thus it is evident, that districts may be materially altered in their extent without any petitions from their inhabitants. It is in this way, that the northern boundary of the old district number eight has been legally changed without any petition of its voters. The alteration made with regard to the other districts, for which there were the necessary petitions, has occasioned the enlargement of district number eight, the designation of it as number four, and its reorganization. It appears to us, that the township trustees were warranted by the statute and the petitions before them, in making the change in the districts, and in number eight among the rest, which they have made.

The evidence respecting the organization of district number four, the assessment of the tax against the defendant, and the demand on him for the same, is set out in the record, and is sufficient, so far as proof of those facts is concerned, to authorise the judgment in favour of the plaintiffs.

The question whether the plaintiffs are a corporation does not arise in this cause. Their capacity to sue in the name they have assumed, is admitted by the plea of the general issue. *Guaga Iron Company* v. *Dawson*, in this Court, November term, 1836 (1).

*Per Curiam.*—The judgment is affirmed with costs. To be certified, &c.

*J. Perry*, for the plaintiff.

*C. H. Test*, for the defendants.

---

(1) *Ante*, 202. In *N. York*, the law on the subject is now as follows: "In suits brought by a corporation created by or under any statute of this state, it shall not be necessary to prove on the trial of the cause, the existence of such corporation, unless the defendant shall have pleaded in abatement or in bar, that the plaintiffs are not a corporation." 2 Rev. Stat. *N. Y.* p. 458.